(63 Misc. Rep. 235.)

## THOMPSON v. READ.

(Supreme Court, Trial Term, Warren County. April, 1909.)

PLEADING (§ 17*)—DIRECTNESS AND POSITIVENESS.

    In an action for slander, the pleading alleged that, "the foregoing words being spoken" in the presence of certain persons. *Held*, that by the use of the participle "being" it is not stated that the slanderous words were spoken in the presence of the parties named, but it is assumed that they were so spoken, and the pleading is subject to demurrer.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 38; Dec. Dig. § 17.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by George R. Thompson against Harmon P. Read. Demurrer to third cause of action set up in complaint. Sustained.

L. M. Pulver, for plaintiff.

C. S. & C. C. Lester, for defendant.

SPENCER, J. The modern practice of granting indulgences to defective pleadings, when raised on the trial or on appeal, may be allowed, as some courts have held pleadings sufficient if they simply foreshadow a cause of action or defense. This seems to be justified by the provisions of section 519 of the Code of Civil Procedure, which require that a pleading must be liberally construed with a view to substantial justice between parties; but, when the question arises on motion or demurrer, a more stringent rule should prevail.

The present action is for slander. Four separate causes of action are set up in the complaint. The demurrer calls in question the third cause of action; the objection made thereto being that the defect in respect to publication renders it ineffectual. The terms employed by the pleader are as follows:

"The foregoing words being spoken in the presence of Fred. E. Parkman, a justice of the peace of the town of Lucerne, N. Y., and a member of the board of health of said town."

The defendant contends that these words do not constitute an allegation of fact. By subdivision 2, § 481, Code Civ. Proc., it is provided that a complaint shall contain a plain and concise statement of the facts. The question therefore arises whether the mode of expression adopted by the plaintiff complies with this requirement. The use of the participle, "being," does not seem to be in conformity with the provision of the Code. It does not state in terms that the slanderous words were spoken in the presence of the justice, but assumes that they were so spoken. This distinction is recognized by all grammarians. In the construction of a pleading it may not be ignored. The error may have been an inadvertence on the part of the pleader; but that would not affect the situation in case the pleader should be prosecuted for perjury. In such a case it could not be correctly stated that the pleader had made a statement of fact.

I am therefore of the opinion that the demurrer is well taken, and that the defendant have judgment upon the alleged cause of action, with leave to the plaintiff to plead over, upon the usual terms, with costs.

Demurrer sustained, with leave to defendant to plead over, upon usual terms, with costs.